IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CORNELE A. OVERSTREET,
Regional Director, Region 28 of the
National Labor Relations Board,
For and On Behalf of the
NATIONAL LABOR RELATIONS BOARD,

      Petitioner,

vs.                                    No. CIV 12-240-JAP-KBM

ALBERTSON'S, LLC,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Cornele Overstreet, Regional Director of Region 28 of the National Labor Relations Board (Board), filed a Petition[1] on behalf of the Board, seeking a temporary injunction directed at alleged unfair labor practices committed by Albertson's, LLC at Store 917, a grocery store in Albuquerque, New Mexico. The Board seeks temporary injunctive relief under Section 10(j) of the National Labor Relations Act (Act), 29 U.S.C. § 160(j), which empowers the Board to petition the district court for an injunction during the pendency of unfair labor practice

---

[1] On March 8, 2012, Petitioner filed a PETITION OF THE NATIONAL LABOR RELATIONS BOARD FOR TEMPORARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT (Doc. No. 1) (Petition) and a MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT (Doc. No. 1-4). On March 30, 2012, Albertson's filed RESPONDENT ALBERTSON'S LLC'S RESPONSE IN OPPOSITION TO PETITION OF THE NATIONAL LABOR RELATIONS BOARD FOR TEMPORARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT (Doc. No. 31).

proceedings before the Board.

On March 14, 2012, the Board filed a Motion to Try the Case on the Administrative Record,[2] arguing that the Court should decide whether to grant the Section 10(j) Petition based on the administrative record and affidavits submitted by the parties without an evidentiary hearing before the Court. In its Response, Albertson's explains that it does not oppose the Board's Motion to Try the Case on the Administrative Record, provided that the administrative record includes the decision of Administrative Law Judge William Schmidt (ALJ), who held an evidentiary administrative hearing over the course of eight days in 2011. *See* Doc. No. 27, at 2.

On March 16, 2012, Albertson's filed a Motion to Stay,[3] asking the court to stay the Section 10(j) proceedings until the ALJ issues his decision. As an exhibit, Albertson's filed a copy of an email from the ALJ, dated March 15, 2012, in which the ALJ states, "I anticipate issuing my decision in the next 3 to 4 weeks." Doc. No. 25-1.

On May 24, 2012, the ALJ issued his decision. *See* Doc. No. 42-1. On May 29, 2012, the Board filed a Motion seeking to supplement the administrative record with the ALJ's decision.[4]

---

[2] The Board filed a MOTION TO TRY PETITION FOR TEMPORARY INJUNCTION ON THE BASIS OF THE UNDERLYING ADMINISTRATIVE RECORD AND AFFIDAVITS (Doc. No. 15) (Motion to Try the Case on the Administrative Record). On March 19, 2012, Albertson's filed a RESPONSE TO PETITIONER'S MOTION TO TRY PETITION FOR TEMPORARY INJUNCTION ON THE BASIS OF THE UNDERLYING ADMINISTRATIVE RECORD AND AFFIDAVITS (Doc. No. 27). The Board did not file a Reply.

[3] Albertson's filed a MOTION TO STAY ALL PROCEEDINGS PENDING RULING FROM ADMINISTRATIVE LAW JUDGE (Doc. No. 25) (Motion to Stay). On March 20, 2012, the Board filed PETITIONER'S OPPOSITION TO RESPONDENT ALBERTSON'S MOTION TO STAY (Doc. No. 28). On March 23, 2012, Albertson's filed a REPLY IN SUPPORT OF RESPONDENT'S MOTION TO STAY ALL PROCEEDINGS PENDING RULING FROM ADMINISTRATIVE LAW JUDGE (Doc. No. 29).

[4] The Board filed a MOTION TO SUPPLEMENT THE RECORD WITH THE ADMINISTRATIVE LAW JUDGE'S DECISION (Doc. No. 42) (Motion to Supplement).

The Court concludes that the Board's Motion to Supplement is unopposed, given that Albertson's repeatedly has asked the Court to consider the ALJ's decision as part of the administrative record. *See* Doc. No. 27, at 2 ("Albertson's concurrence with the [Motion to Try the Case on the Administrative Record] is . . . contingent upon the record being supplemented with the ALJ's decision."); Doc. No. 25, at 2 (seeking a stay until the ALJ issues his decision because "Judge Schmidt's summary and analysis of the issues could provide valuable guidance to the Court").

Accordingly, in deciding whether to grant the Board's Section 10(j) Petition, the Court will consider the entire administrative record, including the ALJ's decision. *See Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 288 (7th Cir. 2001) (noting that the ALJ's decision is "relevant to the propriety of section 10(j) relief"); *Rivera-Vega v. ConAgra, Inc.*, 70 F.3d 153, 161 (1st Cir. 1995) (concluding that the ALJ's decision bolstered the court's findings); *Overstreet v. El Paso Disposal, L.P.*, 668 F. Supp. 2d 988, 1005 n.28 (W.D. Tex. 2009) (explaining that the ALJ's factual and legal determinations "supply a useful benchmark" for the Court in determining whether to grant the Board's Section 10(j) Petition).

Because the Court will consider the ALJ's decision along with the rest of the administrative record, the Board's Motion to Try the Case on the Administrative Record is unopposed and will be granted. Additionally, because the ALJ has issued his decision, the Court concludes that Albertson's Motion to Stay is moot and will be denied. Finally, the Board's Motion to Supplement will be granted.

**IT IS ORDERED THAT**:

(1) The Board's MOTION TO TRY PETITION FOR TEMPORARY INJUNCTION ON THE BASIS OF THE UNDERLYING ADMINISTRATIVE RECORD AND AFFIDAVITS (**Doc. No. 15**) is **granted**;

(2) Albertson's, LLC's MOTION TO STAY ALL PROCEEDINGS PENDING RULING FROM ADMINISTRATIVE LAW JUDGE (**Doc. No. 25**) is **denied** as moot; and

(3) The Board's MOTION TO SUPPLEMENT THE RECORD WITH THE ADMINISTRATIVE LAW JUDGE'S DECISION (**Doc. No. 42**) is **granted**.

*/s/ James A. Parker*
UNITED STATES DISTRICT COURT JUDGE